FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA 2013 NOV 12 P 1: 23

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:13-mj-00611 |
| ) | |
| JONATHAN SANDERS, ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION TO EXTEND TIME FOR INDICTMENT

The United States of America, by and through its attorneys, Dana J. Boente, Acting United States Attorney for the Eastern District of Virginia, and Sean P. Tonolli, Assistant United States Attorney, with the express consent of the defendant, and the defendant's counsel, respectfully move the Court to extend the time to indict this case through and including Thursday, January 9, 2014. In support thereof, the parties state as follows:

1. The defendant was arrested in this case on October 17, 2013. That same day, the defendant made an initial appearance in the Eastern District of Virginia and, upon the government's motion, was temporarily detained. Attorney Joseph McCarthy represents the defendant. On October 21, 2013, the combined preliminary and detention hearings were held. Following the hearings, the Court found probable cause and detained the defendant.

2. The defendant is one of over twenty defendants charged as a result of an investigation of a large and multi-state cocaine and cocaine-base distribution conspiracy. The investigation lasted well over one year and involved multiple federal, state, and local law enforcement agencies from inside and outside of this District. The discovery in the case is voluminous and more complex than that associated with a typical drug investigation, and includes thousands of audio recordings and associated line sheets derived from Title III wiretaps

conducted on eleven telephones. Defendants from inside and outside of this District were charged, creating different indictment deadlines due to the transportation of defendants detained outside the District having to be transported here by the United States Marshals Service.

3. The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant's arrest after subtracting all excludable time. The parties jointly request that the Court make the indictment deadline Thursday, January 9, 2014, which would be an extension of the current deadline of approximately fifty days. To the extent other joint motions to extend the indictment deadline have been or will be submitted with respect to other related defendants, the requested extension date is or will be the same as that requested in this case, Thursday, January 9, 2014.

4. Extending the time period to indict would be in the best interests of justice in that it would give the defense counsel an opportunity to meet with the defendant, to review discovery, and to discuss possible cooperation and a possible pre-indictment plea resolution of the case. It would also promote the efficient use of judicial resources by creating a single indictment deadline for all the defendants who likewise agree to move to extend their respective indictment deadlines. Though in most cases a thirty-day extension is sufficient to achieve these goals, the parties are requesting a longer extension for the reasons articulated above concerning the complexity of the case and number of defendants, as well as to accommodate the schedules of defense counsel and the Grand Jury because a thirty-day extension would place the indictment deadline in and around the end-of-the-year holiday season. The parties will not for any reason submit another motion to extend the indictment deadline.

5. The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including

Thursday, January 9, 2014. The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

6. The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

**WHEREFORE**, the parties request that the time to indict this case be extended to and including Thursday, January 9, 2014, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h).

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: _____
Sean P. Tonolli
Assistant United States Attorney

Defendant's Signature

I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within thirty (30) days of arrest, as required by Title 18, United States Code, Section 3161(b). I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney. I understand this motion and voluntarily agree to it.

Date: 30 OCT 2013

Jonathan Sanders
Defendant

Defense Counsel Signature

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's right to be charged by indictment within thirty (30) days of arrest. Specifically, I have reviewed the terms and conditions of Title 18, United States Code, Section 3161(b), and I have fully explained to the defendant the provisions that may apply in this case. To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 10-30-13

Joseph McCarthy
Counsel for the Defendant

4