IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:13cr449 (LMB) |
| ) | 1:15cv246 (LMB) |
| JONATHAN SANDERS ) | |
| ) | |
| Movant. ) | |

MEMORANDUM OPINION

Before the Court is Jonathan Sanders' ("Sanders" or "movant") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion to Vacate"), in which he claims that his Criminal Justice Act attorney, Joseph John McCarthy (McCarthy), provided ineffective assistance in connection with Sanders' decision to plead guilty. The record establishes that there is no merit to this claim which will be summarily dismissed without the need for a response from either the United States or McCarthy.[1]

I. BACKGROUND

Movant was arrested on October 17, 2013 along with eleven co-defendants as part of a major cocaine distribution investigation which had included the extensive use of wiretaps. A Pretrial Services Report was prepared on October 21, 2013, in which Sanders' criminal record, including multiple pending charges in Stafford County, was included. Sanders waived a detention hearing on October 21, 2013 and remained in custody. On December 4, 2013 Sanders waived indictment and pursuant to a written plea agreement pleaded guilty to conspiracy to

---

[1] Rule 4(b) of the Rules Governing Section 2255 proceedings provides:
  The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

distribute 280 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). On March 7, 2014, he was sentenced to 180 months imprisonment, consisting of 120 months on the drug charge and 60 months consecutive on the gun charge. He was also sentenced to five years of supervised release, required to pay $200 in special assessments, and agreed to forfeiture of certain assets. He did not appeal either his conviction or sentence, but timely filed his Motion to Vacate on February 19, 2015.

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may collaterally attack a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 442, 428 (1962)). Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that have been waived by a failure to appeal are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994) (applying standard to unappealed guilty pleas).

An exception applies, however, when a defendant brings a claim of constitutionally ineffective assistance of counsel, which can be raised in a collateral attack on his conviction or sentence. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Sanders must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and prejudice resulting from that deficient performance. Because it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence" and because a wide range of legitimate defense strategies are possible in a given case, "scrutiny of counsel's performance must be highly deferential." Id. at 689. Moreover, Sanders must make an additional showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In this context, where a movant pleaded guilty, that means "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

When a movant who has pleaded guilty claims ineffective assistance of counsel in connection with that plea, the movant's statements made during the plea colloquy, especially about his satisfaction with counsel's performance, are binding absent "clear and convincing evidence to the contrary." Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992)

3

(citing Blackledge v. Allison, 431 U.S. 63, 74-75 (2005)).[2]

### C. Sanders's Claims

Sanders presents four grounds of ineffective assistance of counsel. In Ground One he alleges that McCarthy was not familiar with charges that were then pending against Sanders in Stafford County and that lacking this knowledge, McCarthy could not provide adequate legal advice. The claim is patently frivolous. The record shows that the pending charges in Stafford County, which included cocaine, oxycodone, and marijuana offenses as well as a failure to appear, were listed in the Pretrial Services Report which counsel had before the detention hearing. Moreover, this claim is directly contradicted by some of the allegations in Ground Two, in which Sanders twice alleges that McCarthy did know about the pending charges in Stafford County.[3] Given the clear evidence that McCarthy was aware of those charges, there is no merit to Ground One, which will be dismissed.

Sanders has not attacked the voluntariness of his guilty plea, has not alleged being innocent of the two crimes to which he pleaded guilty, and has not attacked the sentence imposed, which was the minimum he could receive given the statutory mandatory minimum associated with the two counts to which he pleaded guilty. Instead, in Ground Two he complains that McCarthy failed to suppress evidence, did not try to have any charges dropped and did not try to get a bond. None of these claims has merit.

---

[2] At multiple points during his plea colloquy Sanders admitted satisfaction with McCarthy's representation. For example, he admitted that McCarthy had answered all his questions to his satisfaction, Plea Hrg. Tr. at 12, and when asked if he was fully satisfied with the way McCarthy had worked for him on his case he acknowledged being satisfied. Id. at 28.

[3] In Ground Two Sanders claims "Mr. McCarthy [sic] legal actions on my behalf . . . will show he carried out the above hearings with knowledge of charges pending in Stafford County." Ground Two also claims that McCarthy failed to try to suppress evidence, did not try to have any charges dropped and "did not try to have a bond set on my behalf because he was full [sic] aware of the pending charges in Stafford . . . which would keep me from receiving a bond . . . ."

4

During his Rule 11 colloquy Sanders admitted under an affirmation to tell the truth that he had some college education and a full understanding of English. Plea Hrg. Tr. at 3. He also acknowledged that by pleading guilty he was giving up suppression issues:

> THE COURT: Now, if you continued with not guilty pleas, Mr. McCarthy could try to attack the prosecution's case. There are different ways in which that can sometimes be successful. He might, for example, be able to keep certain evidence out of the trial. Such as if you gave a confession or a statement, there may be problems with the Miranda warnings or other issues that might enable him to have that statement suppressed.
>
> Obviously there were searches conducted. There may be defects in how those searches were conducted. There were wiretaps in this case. If there were problems with the warrants or whatever, that also might be a basis for a successful motion.
>
> I don't know what, if any, defenses you might have, but what you need to understand is that by pleading guilty, you are giving up those types of attacks on the prosecution's case.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, I do.

Id. at 33.

Given this knowing and voluntary waiver of any motion to suppress, Sanders has waived any claim that McCarthy was ineffective in not filing a motion to suppress. United States v. Bundy 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings prior to entry of the plea.")

To the extent Sanders complains in Ground Two that McCarthy did not try to get any charges dropped and failed to try to have bond set, Sanders' acknowledgment during his plea colloquy that he was fully satisfied with Mr. McCarthy's representation defeats this claim. Moreover, on this record, there is no basis to find that McCarthy's performance was flawed. As McCarthy explained during the plea colloquy he had gotten discovery, including the wiretaps on which Sanders is heard as well as the evidence of hand to hand buys from Sanders, all of which

McCarthy described as "overwhelming" evidence. Plea Hrg. Tr. at 29. He had also been attending the guilty plea hearings of co-defendants, several of whom implicated Sanders. Id. Given that quantum of evidence, there would not have been any bargaining room for McCarthy. The record similarly shows that it would have been futile for McCarthy to try to have Sanders released on bond because Sanders was charged with offenses carrying a presumption that no condition or set of conditions of release would reasonably assure his appearance at future court proceedings and protect the safety of the community. The Pretrial Services Report showed that Sanders had a history of convictions including probation violation and two failures to appear from Stafford County Circuit Court. Pretrial Services recommended detention. An attorney does not provide ineffective assistance when he declines to pursue frivolous issues. Therefore, all claims in Ground Two will be dismissed.

Ground Three is barely comprehensible. Sanders seems to allege that "the Court showed prejudice against me because Mr. McCarthy failed to suppress evidence." Then he appears to argue about the search of co-defendant McAlpine's apartment and that McCarthy forced him to plead guilty to the gun charge.

To the extent Sanders is arguing that his plea was involuntary, that claim conflicts with his statements during the plea colloquy where he answered "No" when asked "Has anyone put any force or pressure on you to plead guilty today?" Plea Hrg. Tr. at 34. To the extent he is complaining about the search of McAlpine's residence, he admitted during the plea colloquy that McAlpine was his girlfriend and that he sometimes cooked cocaine into cocaine base in her kitchen and sometimes stored his drugs there. Id. at 37 and 40. As to the firearm charge, he admitted that when he was arrested on January 21, 2013 by Prince William County police he had within arms-reach a loaded .45 caliber Colt which he kept for protection. Id. at 50. Lastly, at the

end of the plea colloquy Sanders was asked separately as to each charge whether he claimed he was innocent of that charge, and each time he answered "no" and then pleaded guilty to that charge. Id. at 43. Because Ground Three lacks merit it will be dismissed.

Ground Four does not make out any claim, rather it simply asks a question "I raise the question did Mr. McCarthy or any representative from his law firm provide legal counsel for Mr. Sanders [sic] co-defendants or did Mr. McCarthy provide counsel for any federal informants willing to testify against me (Mr. Sanders) prior to taking my case. [sic] Did Matthew Lowry have any involvement in my case?" Sanders has offered neither evidence nor argument to support any suggestion that McCarthy, an extremely experienced and well-respected defense attorney with an impeccable record of ethical conduct, would have continued to represent Sanders if he had any conflict.

Because no claim is made in Ground Four and there is no basis in this record to require a response from McCarthy to the speculative question, Ground Four will be dismissed.

### III. CONCLUSION

For all of the reasons stated above, Sanders' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody will be dismissed by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 8th day of May, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge